FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 25, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SUSAN U.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No.    4:18-CV-05058-EFS

**ORDER GRANTING PLAINTIFF'S SUMMARY JUDGMENT MOTION IN PART AND DENYING DEFENDANT'S SUMMARY JUDGMENT MOTION**

Before the Court, without oral argument, are cross summary-judgment motions.[2] Plaintiff Susan U. appeals the Administrative Law Judge's (ALJ) denial of benefits.[3] Plaintiff contends the ALJ: (1) improperly weighed the opinions of Plaintiff's attending physician, Gary A. Stobbe; (2) improperly attributed to psychologist Abbey Hughes an opinion that Plaintiff "can perform simple repetitive tasks in a predictable work environment with few changes;" (3) improperly weighed the opinion of Certified Rehabilitation Counselor Joe Stuckey; (4) improperly rejected Plaintiff's subjective testimony; and (5) improperly identified other job

---

[1]   To protect the privacy of social-security plaintiffs, the Court refers to them by first name and last initial. *See* LCivR 5.2(c). When quoting the Administrative Record in this order, the Court will substitute "Plaintiff" for any other identifier that was used.
[2]   ECF Nos. 14 & 19.
[3]   *See generally* ECF No. 14.

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF - 1

possibilities.[4] The Court has reviewed the administrative record and the parties' briefing. For the reasons set forth below, the Court grants in part[5] Plaintiff's Summary Judgment Motion, ECF No. 14, and remands this case to the ALJ for a decision consistent with this Order.

## I. Standard of Review

On review, the Court must uphold the ALJ's determination that Plaintiff is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.[6] Substantial evidence means more than a mere scintilla, but less than a preponderance.[7] It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[8] The Court will also uphold the ALJ's reasonable inferences and conclusions drawn from the record.[9]

In reviewing a denial of benefits, the Court considers the record as a whole, not just the evidence supporting the ALJ's decision.[10] That said, the Court may not substitute its judgment for that of the Commissioner.[11] If the evidence supports more than one rational interpretation, a reviewing court must uphold the ALJ's decision.[12] Further, the Court "may not reverse an ALJ's decision on account of an error that is

---

[4]  ECF Nos. 14 at 1–2.
[5]  The Court grants Plaintiff's Motion "in part" because Plaintiff also requested immediate award of benefits, which the Court has not awarded. *See* ECF Nos. 14 at 8 ("We are asking this [C]ourt to not only remand in order to obtain further development, we respectfully assert the evidence warrants not only reversal of the ALJ's decision: The record also warrants immediate payment of disability benefits to [Plaintiff]").
[6]  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir.1985)).
[7]  *Id.* at 1110–11 (citation omitted).
[8]  *Id.* (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir.2009)).
[9]  *Id.* (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.2008)).
[10]  *Id.; See Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).
[11]  *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).
[12]  *Id.*

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF - 2

harmless."[13] An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."[14] The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.[15]

## II.  Five-Step Disability Determination

The ALJ uses a five-step sequential evaluation process to determine whether an adult claimant is disabled.[16]  The claimant has the initial burden of establishing entitlement to disability benefits under steps one through four.[17] At step five, however, the burden shifts to the Commissioner to show that the claimant is not entitled to benefits.[18]

Step one assesses whether the claimant is currently engaged in a substantial gainful activity.[19] If the claimant is, benefits will be denied.[20] If not, the ALJ proceeds to the second step.[21]

Step two assesses whether the claimant has a medically severe impairment, or combination of impairments, which significantly limit the claimant's physical or mental ability to do basic work activities.[22] If the claimant does not, the disability claim is denied.[23]  If the claimant does, the evaluation proceeds to the third step.[24]

Step three compares the claimant's impairment to several recognized by the Commissioner to be so severe as to preclude substantial gainful activity.[25] If the

---

[13]  *Molina*, 674 F.3d at 1111 (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)).
[14]  *Id.* at 1115 (citation omitted).
[15]  *Id.* at 1111 citing (*Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).
[16]  *See* 20 C.F.R. §§ 404.1520, 416.920.
[17]  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).
[18]  *Id.*
[19]  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).
[20]  20 C.F.R. §§ 404.1520(b), 416.920(b).
[21]  *See id.*
[22]  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).
[23]  20 C.F.R. §§ 404.1520(c), 416.920(c).
[24]  *See id.*
[25]  20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d). *See* 404 Subpt. P App. 1.

impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.[26] If the impairment does not, the evaluation proceeds to the fourth step.[27]

Step four assesses whether the impairment prevents the claimant from performing work he or she has performed in the past by determining the claimant's residual functional capacity (RFC).[28] If the claimant is able to perform his or her previous work, the claimant is not disabled.[29] If the claimant cannot perform this work, the evaluation proceeds to the fifth step.[30]

Step five, the final step, assesses whether the claimant can perform other work in the national economy in light of his or her age, education, and work experience.[31] The Commissioner has the burden to show (1) that the claimant can perform other substantial gainful activity, and (2) that a "significant number of jobs exist in the national economy" which the claimant can perform.[32] If both of these conditions are met, the disability claim is denied; if not, the claim is granted.[33]

### III.   Facts, Procedural History, and the ALJ's Findings

Plaintiff was born on September 30, 1970 and is 48 years old.[34] She graduated from high school and attended two years of college, where she acquired certification as a medical assistant.[35] Her employment history involved working as a phlebotomist and included other jobs in the medical field.[36]

---

[26]   20 C.F.R. §§ 404.1520(d), 416.920(d).
[27]   20 C.F.R. §§ 404.1520(e), 416.920(e).
[28]   20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).
[29]   *Id.*
[30]   *See id.*
[31]   20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).
[32]   *Kail v. Heckler*, 722 F.2d 1496, 1497–98 (1984); 20 C.F.R. §§ 404.1520(g), 416.920(g).
[33]   20 C.F.R. §§ 404.1520(g), 416.920(g).
[34]   ECF No. 14 at 2.
[35]   *Id.*
[36]   *Id.*

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF - 4

On January 5, 2014, Plaintiff filed a Title II application for a period of disability and disability insurance benefits.[37] On December 15, 2014, Plaintiff protectively filed a Title XVI application for supplemental security income.[38] In both applications, Plaintiff alleged disability beginning on September 11, 2013.[39] Plaintiff's claims were initially denied and also denied upon reconsideration.[40] Plaintiff requested a hearing before an ALJ, which was held on November 7, 2016.[41] At the hearing, Plaintiff amended the alleged onset date to September 29, 2014.[42] On February 26, 2016 the ALJ, M.J. Adams, rendered a decision denying Plaintiff's claim.[43]

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date.[44]

At step two, the ALJ found Plaintiff had the following severe impairments: multiple sclerosis, carpal tunnel syndrome, neurocognitive disorder, obesity, and major depressive disorder with anxiety.[45] The ALJ also found that Plaintiff's headaches, shoulder pain, back pain, vision problems, Willebrand's disease, fatigue, dizziness, and diarrhea were not severe as defined in the Social Security regulations.[46]

At step three, the ALJ found that Plaintiff did not have an impairment that met the severity of a listed impairment.[47]

---

[37] Administrative Record ("AR") 18.
[38] *Id.*
[39] *Id.*
[40] *Id.*
[41] *Id.*
[42] *Id.*
[43] AR 34.
[44] AR 20.
[45] *Id.*
[46] AR 21–22.
[47] AR 22–24.

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF - 5

At step four, the ALJ found that Plaintiff has the RFC to perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that she can frequently reach, handle, and finger.[48] She can also occasionally stoop, kneel, and crouch.[49] She can never climb, balance, or crawl, and must avoid all exposure to extreme heat and humidity.[50] She must avoid concentrated exposures to vibration and workplace hazards.[51] She can perform simple, routine tasks and follow short, simple instructions.[52] She can do work that needs little or no judgment and could perform simple duties that can be learned on the job in a short period.[53] She can work in proximity to co-workers but not in a cooperative or team effort.[54] She requires a work environment that has no more than superficial interactions with co-workers and is predictable and with few work setting changes.[55] She requires a work environment without public contact.[56] Her work cannot require her to track multiple conversations.[57]

When determining Plaintiff's RFC, the ALJ gave no weight to the August 2014 opinion of Joe Stuckey.[58] The ALJ gave slight weight to Dr. Stobbe's September 2014 that Plaintiff was unable to resume any type of gainful employment, slight weight to Dr. Stobbe's September 2014 opinion that Plaintiff met the criteria for impairment Listings, and no weight to Dr. Stobbe's October 2016 opinion.[59] The ALJ gave some

---

[48]  AR 25.
[49]  *Id.*
[50]  *Id.*
[51]  *Id.*
[52]  *Id.*
[53]  *Id.*
[54]  *Id.*
[55]  *Id.*
[56]  *Id.*
[57]  *Id.*
[58]  AR 31.
[59]  *See* AR 30–31. The ALJ refers to "September 2016" opinion of Dr. Stobbe, but the Court believes the ALJ meant to refer to the October 2016 opinion. *See* AR 730 (October 2016 opinion).

weight to the state agency opinion of Robert Hoskins.[60] It is unclear what weight the ALJ assigned to Jerry Gardner and Eugene Kester's opinion that Plaintiff can perform simple repetitive tasks in the unskilled category and have only superficial contact with public and coworkers.[61] The ALJ stated that the ALJ "incorporated" Dr. Abbey Hughes' opinion that Plaintiff can perform simple repetitive tasks in a predictable work environment with few changes but is limited to jobs that do not require her to track multiple conversations.[62]

At step five, the ALJ found that Plaintiff was unable to perform any past relevant work.[63] However, the ALJ found that there are jobs in the national economy that plaintiff can perform, considering her age, education, work experience, and RFC.[64]

The Appeals Council denied Plaintiff's request for review,[65] making the ALJ's decision the final decision for purposes of judicial review.[66] Plaintiff filed this lawsuit on February 2, 2018.[67]

## IV. Applicable Law & Analysis

### A. Plaintiff and Commissioner are correct regarding the relevant periods for Plaintiff's Title II and SSI claims.

Plaintiff and Commissioner appear to argue regarding the relevant time periods, however, both are correct.[68] Plaintiff filed concurrent claims for both Title II and Supplemental Social Security Income (SSI).[69] The Commissioner is correct

---

[60] AR 29.
[61] AR 31.
[62] *Id.*
[63] AR 32.
[64] AR 32–33.
[65] AR 33.
[66] 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.
[67] ECF No. 1.
[68] *See* ECF No. 19 at 4–5 & 20 at 1–2.
[69] AR 18.

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF - 7

that for Title II claims, a claimant must establish an onset date of disability prior to the date of her last insured status, which was December 2014.[70] Plaintiff's alleged onset date is September 29, 2014.[71] Plaintiff is also correct, and Commissioner does not appear to dispute, that there is no such requirement for Title XVI claimants seeking SSI.[72]

**B.    The ALJ improperly weighed the opinions of Plaintiff's treating physician, Dr. Stobbe, and must further develop the record.**

The Court remands with respect to Dr. Stobbe's testimony because the ALJ: (1) failed to give sufficient reasons for rejecting Dr. Stobbe's September 2014 opinion; (2) failed to further develop the record regarding Dr. Stobbe's opinions; and (3) did not articulate whether the ALJ accounted for Plaintiff's period of remissions.

1.    <u>Dr. Stobe failed to give specific reasons for rejecting Dr. Stobbe's September 2014 opinion.</u>

The Social Security Administration favors the opinion of a treating physician like Dr. Stobbe.[73]  Dr. Stobbe diagnosed Plaintiff with Relapsing-Remitting Multiple Sclerosis (RRMS) in September 2013.[74] Dr. Stobbe continued to treat Plaintiff for her RRMS through December 2016.[75] Over this time period, Dr. Stobbe documented Plaintiff's complaints and appearance, monitored her level of pain, and adjusted her medication as needed.[76] In weighing medical source opinions in Social Security cases, the Court distinguishes among three types of physicians: (1) treating physicians,

---

[70]    20 C.F.R. §§ 404.131, 404.315.
[71]    AR 18.
[72]    Title II benefits require a claimant to have a work history; if there are enough quarters of credited work, the claimant is "insured" for purposes of Title II and can receive disability insurance benefits. SSI eligibility is not based on work history, but on financial need. *See* Soc. Sec. Ruling 83–20, 1983 WL 31249, at *1.
[73]    *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).
[74]    *See* AR 291–295.
[75]    ECF No. 14.
[76]    *See* AR 291–295, 387 & 391.

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF - 8

who treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant.[77] Generally, more weight is given to the opinion of a treating physician than to the opinions of non-treating physicians.[78]

The ALJ failed to provide "specific and legitimate reasons" to support his dismissal of Dr. Stobbe's September 2014 opinion that Plaintiff is unable to work. Where a treating physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons, and where it is contradicted, it may not be rejected without "specific and legitimate reasons" supported by substantial evidence in the record.[79] The ALJ meets this burden by providing a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.[80] The ALJ simply stated that "subsequent records" demonstrate Plaintiff's symptoms are inconsistent with Dr. Stobbe's opinion.[81] The ALJ did not identify any specific inconsistencies or point to any specific records. A plain assertion that the treating physician's opinion is contradicted by other records does not constitute "specific and legitimate reasons."[82]

---

[77] *See Orn*, 495 F.3d at 631.

[78] *Id.* (citation omitted) ("Additional factors relevant to evaluating any medical opinion include: the amount of relevant evidence that supports the opinion and the quality of the explanation provided; the consistency of the medical opinion with the record as a whole; the specialty of the physician providing the opinion; and "other factors," such as the degree of understanding a physician has of the other information in the case record, the Social Security Administration's disability programs, and the Administration's evidentiary requirements.")

[79] *Id.* at 632 (citations omitted).

[80] *Id.* (citations omitted); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citation omitted).

[81] The ALJ also concluded that: "I must determine an RFC assessment for the relevant period." AR 30. The Court assumes the ALJ was referring to Dr. Stobbe's statement that the he expected Plaintiff's condition to progressively worsen. AR 397. However, Dr. Stobbe also opined about Plaintiff's condition during the relevant period. *Id.*

[82] The Ninth Circuit in *Embry v. Bowen* concluded that the ALJ failed to meet the burden to provide specific legitimate reasons for rejecting a treating physicians opinion where the ALJ summarily stated:

The opinions of total disability tended [sic] in the record are unsupported by sufficient objective findings and contrary to the preponderant conclusions mandated by those

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF - 9

## 2. Further development of the record is necessary regarding Dr. Stobbe's opinions.

The ALJ also failed to provide sufficient reasons for rejecting Dr. Stobbe's opinions because the ALJ did not know the basis of Dr. Stobbe's opinion.[83] The ALJ stated that the ALJ gave no weight to October 2016 opinion because it was conclusory.[84] Although an ALJ may reject conclusory opinions,[85] an ALJ fails to provide clear and convincing reasons for rejecting a physician's opinion when the ALJ does not know the basis of the opinion.[86] The Court agrees with the ALJ that Dr. Stobbe's letter is conclusory, but the ALJ should have developed the record to determine the basis of Dr. Stobbe's opinion.[87]

Dr. Stobbe's opinions are seemingly inconsistent and ambiguous. In Social Security cases the ALJ has a special duty to "fully and fairly develop the record and to assure that the claimant's interests are considered." The ALJ's duty to develop the record is triggered where there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.[88] In assessing Plaintiff's subjective testimony, the ALJ concluded: "Dr. Stobbe believed MS had moderately limited [Plaintiff]" because Dr. Stobbe consistently assigned Plaintiff a score of 3 out

---

objective findings. The duration of the claimant's stress treadmill testings and relative lack of positive findings, the results of other laboratory and x-ray testing, the objective observations of the physicians of record, all preponderate toward a finding that the claimant has never lost the residual functional capacity for light work for any period approaching 12 months.
*See Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988).

[83] The Court believes that the ALJ meant to refer to Dr. Stobbe's October 2016 opinion, even though the ALJ referred to the "September 2016" opinion. *See* AR 30–31 & 730.

[84] AR 31.

[85] *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

[86] *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).

[87] *Id.*; *Hankerson v. Harris,* 636 F.2d 893, 896 (2d Cir. 1980) ("Before the ALJ can reject an opinion of a ... claimant's treating physician because it is conclusory, basic principles of fairness require that [the ALJ] ... give [the claimant] an opportunity to obtain a more detailed statement").

[88] *Tonapetyan v. Halter*, 242 F.3d 1114, 1150 (9th Cir. 2001) ("In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered"). *See Smolen,* 80 F.3d at 1288.

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF - 10

of 10 under the Expanded Disability Status Scale (EDSS).[89] Therefore, the ALJ concluded, "Dr. Stobbe opined that [Plaintiff's] MS symptoms had not significantly changed over the course of a year."[90] However, in September 2014, Dr. Stobbe stated that Plaintiff was unable to work because her "severe" RRMS symptoms had "progressed in an unabated fashion."[91] These opinions by Dr. Stobbe are seemingly inconsistent and ambiguous.

Plaintiff contends that the ALJ misunderstood the function of the EDDS score.[92] The ALJ noted that the EDSS is a method of quantifying disability in MS, and that "EDSS steps 1.0 to 4.5 refer to people with MS who are able to walk without any aid and is based on measurements of impairment in eight functional systems."[93] Plaintiff argues that it is unclear whether the EDSS score only relates to difficulty ambulating, rather than fatigue or other symptoms caused by RRMS.[94] Dr. Stobbe concluded that fatigue and cognitive issues are among Plaintiff's worst symptoms.[95] Based on the record, the ALJ's conclusion that Dr. Stobbe believed Plaintiff's RRMS symptoms were unchanged is unsupported. The ALJ should further develop the record regarding Dr. Stobbe's use of the EDSS score.

On remand, the ALJ should conduct an appropriate inquiry into Dr. Stobbe's opinions by means of subpoena, by submitting further questions to Dr. Stobbe, allowing Plaintiff to obtain a more detailed opinion, or other methods.

---

[89] AR 27–28.
[90] AR 28.
[91] AR 396.
[92] ECF Nos. 14 at 7–8 & 19 at 5.
[93] AR 27.
[94] ECF No. 20 (citing Multiple Sclerosis Beyond EDSS: Depression and Fatigue, Journal of Neurological Sciences, February 1, 2009, Vol. 277, pp. S37¬–41; "Depression, Sleep Disturbances and Anxiety in Patients With Relapsing-Remitting Multiple Sclerosis: A Longitudinal Cohort Observation," Brozek at al.,Psychiatria Damubina, 2017; Vol.29, Supp. 3, pp. 464–468.).
[95] AR 396–97.

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF - 11

3.      The ALJ should be mindful on remand to take into account periods of remission.

The ALJ should also further develop the record, through inquiry into Dr. Stobbe's opinions or otherwise, as to: (1) the frequency and duration of Plaintiff's RRMS related exacerbations; (2) the length of the remissions; and (3) the evidence of any permanent disabilities. RRMS is a progressively disabling condition characterized by periods of remission and exacerbation.[96] Unpredictable temporary remissions generally will not be considered indicative of medical improvement.[97] In evaluating a claimant with RRMS, the ALJ should consider the three factors listed above. The ALJ noted that the ALJ understood RRMS is a "progressive" disease but made no mention of remission periods—therefore it is unclear if the ALJ considered those periods.

**C.      The ALJ incorrectly attributed an opinion that Plaintiff "can perform simple repetitive tasks in a predictable work environment with few changes" to psychologist Abbey Hughes.**

The ALJ misstated the opinion of psychologist Abbey Hughes. Dr. Hughes' opinion was the only one the ALJ fully incorporated. The ALJ stated: "I have incorporated the June 2015 opinion of Dr. Hughes that [Plaintiff] can perform simple repetitive tasks in predictable work environment with few changes."[98]

Dr. Hughes's June 2015 opinion summary states as follows:

> Cognitive testing revealed mild to moderate difficulties with auditory attention, working memory, processing speed, and executive function (i.e., divided attention, task switching). Verbal and visual memory were relatively spared. Symptoms are consistent with MS-related impairments and are likely exacerbated by her untreated depression

---

[96]    *Estes v. Railroad Ret. Bd.,* 776 F.2d 1436, 1437–8 (9th Cir.1985) (citations omitted).
[97]    20 C.F.R. § 404.1594(c)(3)(iv); *Flaten v. Sec. of Health & Human Serv.*, 44 F.3d 1453, 1462 (9th Cir. 1995) (citing to *Wilcox v. Sullivan,* 917 F.2d 272 (6th Cir. 1990) (finding that an individual diagnosed with multiple sclerosis was continuously disabled from the onset date despite intermittent periods of remission that were likely to end under the additional stress of work)).
[98]    AR 31.

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF - 12

and anxiety. Her presentation is consistent with mild neurocognitive disorder due to multiple etiologies. *At present, her symptoms do not interfere with her activities of daily living (e.g., cooking, cleaning, grooming), but do interfere when she attempts to complete more complex tasks (e.g., tracking multiple conversation, completing multi-step commands).[99]*

The ALJ also limited Plaintiff to being incapable of tracking multiple conversations and completing multi-step commands.[100]

It is possible that the ALJ mistakenly attributed state agency doctors Jerry Gardner and Eugene Kestner's opinions to Dr. Hughes. Doctors Gardner and Kestner opined that Plaintiff could perform "simple repetitive tasks in the unskilled categories and have only superficial contact with public and coworkers."[101] In light of their testimony, the ALJ limited Plaintiff to a "predictable work environment with few changes."[102] However, it is unclear what weight the ALJ assigned to the state agency opinions. The ALJ stated:

> I have assigned *limited* evidentiary weight to portions of the State agency opinions of Jerry Gardner, Ph.D., and Eugene Kester, Ph.D. that the claimant can perform simple repetitive tasks in the unskilled category and have only superficial contact with public and coworkers (2A and 4A). I give *significant* weight to the portion of Dr. Gardner's and Dr. Kester's opinions that the claimant can perform simple repetitive tasks in the unskilled category and have only superficial contact with public and coworkers (2A and 4A) . . . .[103]

These inconsistencies make it difficult to determine if the ALJ's errors are "inconsequential to the disability determination."[104] Where an ALJ fails to accurately discuss testimony favorable to a claimant, the Court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ could have

---

[99]   AR 573 (emphasis added).
[100]  AR 31.
[101]  *Id.*
[102]  *Id.*
[103]  *Id.*
[104]  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF - 13

1
2
reached a different disability determination.[105] On remand, these inconsistencies need to be addressed.

3
4
**D.    The ALJ properly discounted the opinion of Certified Rehabilitation Counselor Joe Stuckey.**

5
6
7
8
The ALJ may reject the opinion of other sources, such as social workers or counselors, by providing germane reasons.[106] Other sources are "not entitled to the same deference" as acceptable medical sources, such as licensed physicians and psychologists.[107]

9
10
11
12
13
14
15
Joe Stuckey is a rehabilitation counselor who saw Plaintiff in September and November 2013.[108] He also saw Plaintiff in August 2014, the month before her alleged onset date.[109] Finally, he saw Plaintiff in November 2014.[110] In August 2014, Mr. Stucky stated that Plaintiff's medical condition has "progressed over time" and that her "severe and chronic medical condition impacts [her] daily life activities and ability to engage in employment in any occupation."[111] Mr. Stuckey also claimed that Plaintiff met the Social Security Administration's definition of disability.[112]

16
17
18
The ALJ gave a sufficient reason for assigning no weight Mr. Stuckey's August 2014 opinion that Plaintiff was unable to work.[113] The ALJ reasoned that Mr. Stuckey's opinion was a conclusion reserved to the Commissioner.[114] A

19
20
21
22
105   *See Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).
23
106   *Turner v. Comm'r Soc. Sec. Admin.*, 613 F.3d 1217, 1223–24 (9th Cir. 2010); *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015).
24
107   *Molina*, 674 F.3d at 1111.
108   AR 370–73, 336–40.
109   AR 382–85.
25
110   AR 595–602
111   AR 384.
26
112   AR 384.
113   AR 31, 382–85.
27
114   AR 31.

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF - 14

1 statement that a Plaintiff is "disabled" or "unable to work" is "an opinion on issues

2 reserved to the Commissioner," and it is not due "any special significance."[115]

3 However, Plaintiff correctly notes that the ALJ did not address the

4 evaluations dated September 2013,[116] November 2013,[117] and November 2014.[118]

5 Defendant is correct that an ALJ need not consider evidence that is not significant

6 and probative,[119] including evaluations written before the amended alleged onset

7 date.[120] However, the November 2014 evaluation was completed after the alleged

8 onset date. Further, an ALJ must consider all evidence in the record, even though

9 the ALJ is "not required to discuss every piece of evidence."[121] It is unclear whether

10 the ALJ considered all the evaluations. On remand, the ALJ shall consider all four

11 evaluations of Mr. Stuckey.

12 The ALJ should be mindful that the Court held supra that the ALJ must

13 further develop the record regarding Dr. Stobbe's opinions. The ALJ believed the

14 longitudinal record contradicted Mr. Stuckey's opinion.[122] If development of the

15 record reveals an objective basis for Dr. Stobbe's opinions then the ALJ will need to

16 take this into consideration when evaluating the weight that should be given to

17 Mr. Stuckey's opinions.

18 **E.    The ALJ should reweigh Plaintiff's subjective testimony.**

19 The ALJ should also re-evaluate Plaintiff's credibility in light of the fact that

20 RRMS often follows "periods of remission and exacerbation."[123] Additionally, the ALJ

21 may need to re-evaluate Plaintiff's credibility upon further development of the record

22

---

23 [115] 20 C.F.R. §§ 404.1527(d), 416.927(d)).
[116] AR 370–73.
24 [117] AR 336–40.
[118] AR 595–599.
25 [119] *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984).
[120] AR 336–40 & 370–73.
26 [121] *Howard ex rel. Wolff v. Barnhart,* 341 F.3d 1006, 1012 (9th Cir. 2003).
[122] AR 31.
27 [123] *Estes*, 776 F.2d at 1438.

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF - 15

1    and reassessment. Therefore, the Court need not address Plaintiff's specific
2    assignments of error related to the ALJ's credibility determination.

**F.      The ALJ may need to reassess the hypotheticals posed to the vocational expert at step five.**

A hypothetical question posed to a vocational expert "must include 'all of the claimant's functional limitations, both physical and mental' supported by the record."[124] If the hypothetical posed to the vocational expert is not adequate, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform the identified jobs.[125] In light of the Court's instructions above, the ALJ may need to reassess the hypotheticals posed to the vocational expert.

## V.      ISSUES ON REMAND

Remanding for further proceedings is appropriate in this case because the record is not sufficiently developed and it is not clear from the record that the ALJ would be required to find Plaintiff disabled upon augmentation of the record.[126] On remand, the ALJ should:

1.  Conduct an appropriate inquiry into Dr. Stobbe's opinion that Plaintiff is unable to work because of her RRMS. The ALJ may make this inquiry by means of subpoena, by submitting further questions to Dr. Stobbe, allowing Plaintiff to obtain a more detailed opinion from Dr. Stobbe, or other methods.

2.  Consider that RRMS is a progressively disabling condition characterized by periods of remission and exacerbation. The ALJ shall develop the record, through further inquiry into Dr. Stobbe's opinions or otherwise, as to the frequency and duration of Plaintiff's RRMS related exacerbations, the length of the remissions, and the evidence of any permanent disabilities.

---

[124]   *Thomas v. Barnhard*, 278 F.3d 947, 956 (9th Cir. 2002).
[125]   *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993).
[126]   *Benecke v. Barnhart*, 379 F.3d 587, 593–96 (9th Cir. 2004).

3. Reassess the opinions of Dr. Abbey Hughes, Dr. Jerry Gardner, and Dr. Eugene Kestner, and resolve the noted inconsistencies.

4. Reassess Plaintiff's credibility if development of the record and reassessment reveals a basis for doing so.

5. Reassess whether Plaintiff is capable of performing other jobs, if further development of the record and reassessment reveal a basis for doing so.

## VI.    CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes that there are unresolved issues, the record does not clearly require a finding of disability, and further development of the record is required.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED IN PART.**

2.    The Commissioner's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

3.    This matter is **REMANDED** to the Commissioner of Social Security for further proceedings consistent with this decision and sentence four of 42 U.S.C. § 405(g).

4.    The file shall be **CLOSED**.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order, enter judgment in favor of Plaintiff, and provide copies to all counsel.

**DATED** this  25th  day of March 2019.

s/Edward F. Shea

EDWARD F. SHEA
Senior United States District Judge

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF - 17